IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

TRACY HOLLIS                                                                                          PLAINTIFF

      v.                          Civil No.  2:20-cv-02151-PKH-MEF

ANDREW M. SAUL, Commissioner,
Social Security Administration                                                                DEFENDANT

## MEMORANDUM OPINION AND ORDER

Pending now before this Court is Plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act.  (ECF Nos. 24, 25).  On May 18, 2021, Plaintiff filed a motion for attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting $5,280.15, representing a total of 25.40 attorney hours for work performed in 2020 and 2021 at an hourly rate of $207.00 and $22.35 in service expenses.  (ECF No. 24-1).  On May 27, 2021, the Defendant filed a response objecting to the hourly rate requested by Plaintiff.  (ECF No. 26).  On June 2, 2021, the Plaintiff filed a reply conceding Defendant's objections and reducing his total fee request to $5,229.55.  (ECF No. 27).

### I.   Discussion

It is the opinion of the undersigned that the Plaintiff is entitled to a fee award in this case. Plaintiff is the prevailing party, the government's decision to deny benefits was not "substantially justified," the amended hourly rate requested for attorney hours does not exceed the CPI for either year in question, and the time asserted to have been spent in the representation of the Plaintiff before the district court is reasonable.  *See Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986) (burden is on the Commissioner to show substantial justification for the government's denial of benefits); 28 U.S.C. § 2412(d)(2)(A) (statutory ceiling for an EAJA fee award is $125.00 per hour); *Johnson v. Sullivan*, 919 F.2d  503, 504-505 (8th Cir. 1990) (court may determine that there has

been an increase in the cost of living, and may thereby increase the attorney's rate per hour, based upon the United States Department of Labor's Consumer Price Index ("CPI")); and, *Hensley v. Eckerhart*, 461 U.S. 424, 430 (1983) (in determining reasonableness, court looks at time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and, the amount involved).  Accordingly, Plaintiff is entitled to an attorney's fee award under EAJA in the amount of $5,229.55.

Pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 596 (2010), the EAJA fee award should be made payable to Plaintiff.  However, as a matter of practice, an EAJA fee made payable to Plaintiff may properly be mailed to Plaintiff's counsel.

The parties are reminded that to prevent double recovery by counsel for the Plaintiff, the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406.

## II.     Conclusion

Based upon the foregoing, Plaintiff is awarded the sum of **$5,229.55** for attorney's fees pursuant to the EAJA, 28 U.S.C. § 2412.

Dated this 9th day of June 2021.

/s/ Mark E. Ford
HONORABLE MARK E. FORD
CHIEF UNITED STATES MAGISTRATE JUDGE