IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

TRACY HOLLIS PLAINTIFF

v. Civil No. 2:20-CV-02151-TLB-MEF

FRANK BISIGNANO, Commissioner,
Social Security Administration DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS**

Presently before the Court is Plaintiff, Tracy Hollis's, Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b), filed June 25, 2026. (ECF No. 29) In this Motion, Plaintiff's counsel, Nicholas Coleman, seeks a fee award pursuant to 42 U.S.C. 406(b) for representing Plaintiff in this matter. (ECF Nos. 29-30). Defendant has filed a Response stating he neither supports nor opposes the Motion. (ECF No. 32).

## I. Background

Plaintiff's Motion arises from a favorable disability decision issued by the Commissioner after this Court's reversal and remand pursuant to sentence four, 42 U.S.C. § 405(g), on May 3, 2021. (ECF Nos. 22-23, 29-3). On June 9, 2021, the Court awarded Plaintiff $5,229.55 for attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), which represented a total of 25.40 attorney hours and $22.35 in service expenses for work performed at the administrative level. (ECF No. 28). The Commissioner subsequently found Plaintiff disabled and awarded the sum of $91,934.00 in past-due benefits. (ECF No. 29-4, pp. 1-3). From that amount, the Commissioner withheld a total of $22,983.50 for the payment of attorney fees pursuant to the terms of a fee agreement signed by counsel and Plaintiff on August 24, 2020. (ECF Nos. 29-2, 29-4, pp.

1-3). Plaintiff now seeks a fee award in the amount of $22,983.50, reduced by the $5,229.55 he received under the EAJA, for a net fee of $17,753.95. (ECF No. 29; ECF No. 30, p. 10).

## II. Applicable Law

Federal law regulates the fees attorneys may charge Social Security claimants for representation. *See* 42 U.S.C. § 406. Section 406(b)(1)(A) provides that an attorney who successfully represents a Social Security benefits claimant in court may be awarded, as part of the judgment, "a reasonable fee … not in excess of 25 percent of the total of the past-due benefits" awarded to the claimant. 42 U.S.C. § 406(b)(1)(A). This fee is payable "out of, and not in addition to, the amount of [the] past due benefits." *Id.* The statute does not impose a twenty-five percent cap on the aggregate of attorney's fees awarded under both § 406(a)—which address fees for representation "before the Commissioner"—and § 406(b). *Culbertson v. Berryhill*, 586 U.S. 53, 59 (2019). Rather, "the 25% cap applies only to fees for representation before the court, not the agency." *Id.*

The twenty-five percent ceiling was meant "to protect claimants against 'inordinately large fees' and also to ensure that attorneys representing successful claimants would not risk 'nonpayment of [appropriate] fees.'" *Gisbrecht v. Barnhart*, 535 U.S. 789, 805 (2002) (citation omitted). Section "406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results[.]" *Id.* at 807. To determine the reasonableness of fee agreements, the court considers the agreement itself, in addition to the character of the representation, the results achieved, the actual amount of time spent achieving success, and counsel's normal hourly rate. *Id.* at 808-809.

## III. Discussion

Here, Plaintiff and counsel entered into a fee agreement providing for a fee of twenty-five percent of past-due benefits. *See* Motion at 1, Ex. A (ECF No. 29-2) (Fee Agreement – Federal Court). On remand from this Court, the Commissioner found Plaintiff had been disabled since January 1, 2017, and awarded her $91,934.00 in past-due benefits. *See id.*, Ex. B (ECF No. 29-3, p. 10) (Notice of Decision – Fully Favorable); Ex. C (ECF No. 29-4, pp. 1-3) (Notice of Award and Correspondence). The requested fee of $22,983.50 represents twenty-five percent of Plaintiff's past-due benefits. *Id.,* Ex. C (ECF No. 29-4, p. 3).

Counsel acknowledges that the § 406(b) award is to be paid out of Plaintiff's past-due benefits. Motion, at 1 (ECF No. 29, p. 1); Memorandum in Support, at 10 (ECF No. 30, p. 10). *See also* 42 U.S.C. § 406(b)(1)(A) (noting the Commissioner may "certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits."). Counsel notes, however, that the balance of past-due funds withheld by the Commissioner is insufficient to satisfy his fee request. (ECF 30, p. 10). Records indicate that the Commissioner withheld twenty-five percent of Plaintiff's past-due benefits, but a balance of only $13,783.00 in past-due benefits remains available from the amount withheld because the agency paid "[a] § 406(a) fee of $9200 (less statutory user fee)" in February 2026. Motion at 1, Ex. C (ECF No. 29-4, pp. 1-3). This represents a shortfall of $3,970.95 in the amount available for direct payment to counsel.[1]

Without citation to authority, Plaintiff suggests that, because there is a shortfall, he is entitled to keep the EAJA fee award of $5,229.55, and to collect the remaining $13,783.50 in past-

[1] The shortage was derived by subtracting both the EAJA award ($5,229.55) and the remaining balance of withheld funds ($13,783.00) from the requested fee of twenty-five percent of past-due benefits ($22,983.50).

due benefits, unless the full § 406(b) fee request of $22,983.50 is awarded and disbursed to counsel. Memorandum, at 10 (ECF No. 30, p. 10). The undersigned disagrees. Although fee awards may be made under both EAJA and § 406(b), "the claimant's attorney must 'refund[] to the claimant the amount of the smaller fee." *Gisbrecht*, 535 U.S. at 796 (quoting Act of Aug. 5, 1985, Pub. L. 99-80, § 3, 99 Stat. 186, 28 U.S.C. § 2412 note). The Commissioner asserts that, as to any shortage in withheld funds for direct payment, Plaintiff's counsel "must look to the claimant, not the past due benefits, to recover the difference." Response, at 2-3 (ECF No. 32, pp. 2-3) (citation omitted). The undersigned concludes that the requested fee of $22,983.50, minus the $5,229.55 received under the EAJA, should be approved despite that the remaining amount of withheld funds is insufficient to pay the fee in full. *See Goff v. Sullivan*, 739 F. Supp. 494, 498 (D.S.D. 1990) (stating "[t]he fact that there has been a shortfall is immaterial to the [the] determination as to the reasonable amount of the fee which should be allowed" by the court); *Haire v. Colvin*, No. CV 4:13-2725-BHH, 2016 WL 3162207, at 1 (D.S.C. June 7, 2016) (awarding § 406(b) fees in excess of amount of past-due benefits withheld).

The undersigned begins with the reasonableness of the fee request. Plaintiff's counsel spent 25.4 hours representing Plaintiff before this Court, and for that work, Plaintiff was awarded fees of $5,229.55. (ECF No. 28). The requested amount of $ 22,983.50, when reduced by the smaller EAJA award of $5,229.55 and divided by the 25.4 hours worked, yields an hourly rate of $698.97. The effective hourly rate falls within the range of rates approved in other disability cases in the Western District. *See Campbell v. Bisignano*, No. 5:23-CV-05063-TLB, 2026 WL 809743, at 2 (W.D. Ark. Mar. 6, 2026) (awarding $22,859.00 for 24.6 hours of work, for an hourly rate of $918.25); *McGill v. Commissioner*, No. 6:22-CV-06081, 2024 WL 4393582, at 1 (W.D. Ark. Oct. 3, 2024) (awarding a fee equivalent to $977 per hour); *Camoza v. O'Malley*, No. 2:22-CV-02065-

MEF, 2024 WL 1915827, at 2 (W.D. Ark. April 26, 2024) (awarding fee equivalent to $676.23 per hour).

As noted, Plaintiff contracted to pay her attorney twenty-five percent of any past-due benefits, and nothing in the record suggests there was any overreaching by Plaintiff's counsel when making the fee agreement. It is recognized that counsel faced substantial risk of loss by taking the case on contingency and representing Plaintiff over a span of five years. There is no evidence of any impropriety or delay attributable to counsel, and he achieved a substantial recovery of benefits for Plaintiff, not simply in the sizeable award of past-due benefits in the amount of $91,934.00, but also in the benefits Plaintiff will continue to receive in the future. The undersigned finds counsel's fee request is reasonable considering the contingency agreement. Further, there is no indication Plaintiff's counsel provided substandard representation that might warrant a reduction in the presumptive statutory fee. *Gisbrecht*, 535 U.S. at 808. The undersigned also acknowledges Plaintiff's counsel's experience in representing Social Security claimants and his favorable reputation in the legal community. Finally, Defendant had an opportunity to oppose the Motion, and to argue for a reduction, but he did not object to the amount of the requested fee award. Counsel's requested fee award should be granted.

To the extent that remaining past-due benefits may fall short of the full § 406(b) award, there are available procedures for addressing that matter with the agency or the client. *See* Soc. Sec. Admin. (2026, June 16). *Program Operations Manual System* (POMS), *GN 03920.060 – Court-Awarded Attorney Fees*, SSA - POMS: GN 03920.060 - Court-Awarded Attorneys Fees - 06/16/2026 (addressing shortages as a result of "Dual Fee Authorization") (last accessed Aug. 10, 2026). *See also Culbertson v. Berryhill*, 586 U.S. at 61-62 (noting the shortage of withheld benefits due to single 25% pool for direct payments is a matter of agency policy and that "the consequences

of such a shortage are best addressed to the agency, Congress, or the attorney's good judgment"); *Pittman v. Sullivan*, 911 F.2d 42, 46 (8th Cir. 1990) (stating the district "court had no authority to order the Secretary to pay [plaintiff's attorney] the balance remaining on its fee award out of general social security funds"); *Lopez v. Colvin*, No. 8:11-CV-9-T-TGW, 2013 WL 3786638, at 3 (M.D. Fla. July 18, 2013) (citing *Pittman* and noting "the approval of fees in this case does not authorize the payment of any amount by the SSA out of general funds").

## IV. Conclusion

Accordingly, it is RECOMMENDED that Plaintiff's application for attorney's fees pursuant to 42 U.S.C. § 406(b) be **GRANTED** in the amount of **$22,983.50**. Counsel should also be directed to remit to Plaintiff **$5,229.55**, the smaller fee awarded pursuant to the EAJA.

**The parties have fourteen (14) days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. We remind the parties that objections must be both timely and specific to trigger de novo review by the district court.**

DATED on this 10th day of August 2026.

/s/ Mark E. Ford

HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE